**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HARTFORD FIRE INSURANCE CO., a/s/o SYNCHRONOSS TECHNOLOGIES, INC., and SYNCHRONOSS TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BLAHER'S OFFICE FURNITURE OUTLET, <br><br> Defendant. | CIVIL ACTION NO. 10-4698 (MLC) <br><br> **O P I N I O N** |

**THE COURT** examining jurisdiction <u>sua sponte</u> in this action brought pursuant 28 U.S.C. § ("Section") 1332 to recover damages for property damage (dkt. entry no. 1, Compl.), <u>see</u> Fed.R.Civ.P. 12(h)(3) (stating court to dismiss complaint if jurisdiction is lacking); and it appearing that jurisdiction is measured "against the state of facts that existed at the time of filing", <u>Grupo Dataflux v. Atlas Global Group</u>, 541 U.S. 567, 571 (2004); and the plaintiffs alleging that the plaintiff Hartford Fire Insurance Co. is deemed to be a citizen of Connecticut only (<u>see</u> Compl. at 1); and the plaintiffs further alleging that the plaintiff Synchronoss Technologies, Inc. ("STI") "is a corporation organized . . . under the laws of . . . Delaware, with its principal place of business located [in New Jersey]" (<u>id.</u>); and

thus STI being deemed to be a citizen of both Delaware and New Jersey, see 28 U.S.C. § 1332(c)(1); and

**THE PLAINTIFFS** further alleging that the "[d]efendant, Blaher's Office Furniture Outlet . . . is a corporation organized . . . under the laws of . . . New Jersey, with its principal place of business located [in New Jersey]" (Compl. at 1); and thus it appearing that in view of the plaintiffs' allegations, the defendant is deemed to be a citizen of New Jersey, see 28 U.S.C. § 1332(c)(1); and

**IT BEING OBVIOUS** from the face of the Complaint that the Court lacks subject matter jurisdiction here, as STI is not a "citizen[] of [a] different State[]" in relation to the defendant, 28 U.S.C. § 1332(a)(1); and it appearing that complete diversity of citizenship under Section 1332 is a well-settled requirement, see Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (reading "the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants" (emphasis added)); Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996) (stating same); and it further appearing that "subject matter jurisdiction is never waived", Liberty Mut. Fire Ins. Co. v. Yoder, 112 Fed.Appx. 826, 828 (3d Cir. 2004); and

**THE COURT** thus intending to dismiss the Complaint without prejudice to the plaintiffs to recommence the action in state

2

court within thirty days, as the limitations period for the cause of action is tolled by the filing of the federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980); and for good cause appearing, the Court will issue an appropriate order and judgment.

                                          s/ Mary L. Cooper
                                       **MARY L. COOPER**
                                       United States District Judge

Dated:  December 2, 2010